```
            IN THE UNITED STATES DISTRICT COURT
         FOR THE EASTERN DISTRICT OF NORTH CAROLINA
                       EASTERN DIVISION
                     No. 4:02-CR-60-5H
                     No. 4:10-CV-195-H
```

NIGEL CLARKE,                     )
    Petitioner,                   )
    v.                            )
                                  )     **ORDER**
UNITED STATES OF AMERICA,         )
    Respondent.                   )

This matter is before the court on remand from the Fourth Circuit on petitioner's Rule 60(b) motions [DE #631 and 638]. The government has responded post-remand[DE #675], and petitioner has replied [DE #679]. This matter is ripe for adjudication.

## BACKGROUND

On August 22, 2016, petitioner filed a motion pursuant to Rule 60(b). [DE #631]. On March 23, 2017, petitioner filed a motion pursuant to 28 U.S.C. § 2255 to vacate his sentence. [DE #638]. On June 9, 2017, this court dismissed both motions as unauthorized successive 28 U.S.C. § 2255 motions.[1] [DE #639]. On July 17, 2017, petitioner filed a notice of appeal. [DE #641].

On December 4, 2017, the Fourth Circuit found the August 2016 motion contained viable Rule 60(b) claims and petitioner should be afforded the opportunity to elect between the Rule 60(b) and § 2255 claims in his August 2016 motion prior to its dismissal. [DE #646

---

[1] This court's order also denied petitioner's motion to unseal his presentence report. [DE #639].

at 3]. Further, the Fourth Circuit found the March 2017 motion was a Rule 60(b) motion and improperly construed as a successive § 2255 motion. Id. Therefore, the Fourth Circuit vacated this court's order dismissing both motions; affirmed this court's denial of petitioner's motion to unseal his presentence report; and remanded for further proceedings. Id. at 3-4.

## COURT'S DISCUSSION

Federal Rule of Civil Procedure 60(b) is an extraordinary remedy that permits a court to "relieve a party from a final judgment, order, or proceeding." Fed. R. Civ. P. 60(b). See Mayfield v. Nat'l Ass'n for Stock Car Auto Racing, Inc., 674 F.3d 369, 378 (4th Cir. 2012) (citing Ackermann v. United States, 340 U.S. 193, 202 (1950)). To do so, a party must demonstrate "exceptional circumstances" warrant granting the relief. Dowell v. State Farm Fire & Cas. Auto. Ins. Co., 993 F.2d 46, 48 (4th Cir. 1993) (quoting Werner v. Carbo, 731 F.2d 204, 207 (4th Cir. 1984)). Additionally, the party seeking relief under Rule 60(b) "must make a threshold showing of timeliness, 'a meritorious claim or defense,' and lack of unfair prejudice to the opposing party." Coleman v. Jabe, 633 F. App'x. 119, 120 (4th Cir. 2016) (quoting Aikens v. Ingram, 652 F.3d 496, 501 (4th Cir. 2011)). After a party satisfies this threshold showing, "he [or she] then must satisfy one of the six specific sections of Rule 60(b)." Werner, 731 F.2d at 207. The six specific sections of Rule 60(b) are:

2

(1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or other misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or otherwise vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b).

Petitioner claims that Rule 60(b)(6) provides him with relief from the court's dismissal of his untimely Section 2255 Motion. Specifically, he claims that equitable tolling applies. Equitable tolling is available when a movant shows "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." Holland v. Florida, 560 U.S. 631, 649 (2010). The court has carefully reviewed the record in this matter and the briefs in regard to this motion, and for the reasons specifically laid out in detail in the government's response, petitioner has not made the showing required.

## CONCLUSION

For the reasons stated in the government's response, petitioner's motion [DE #631, #638] is DENIED.

This 14th day of December 2020.

_____
MALCOLM J. HOWARD
Senior United States District Judge

At Greenville, NC