IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION

NO. 4:02-CR-60-FL-5
NO. 4:10-CV-195-H

| | | |
|---|---|---|
| NIGEL CLARKE, | ) | |
| Petitioner, | ) | |
| v. | ) | ORDER |
| UNITED STATES OF AMERICA, | ) | |
| Respondent. | ) | |

This matter is before the court on petitioner's motion for relief from judgment pursuant to Federal Rule of Civil Procedure 60(b) (DE 714). The instant motion is petitioner's ninth motion seeking post-judgment relief from the court's April 7, 2007, order denying his first motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. Respondent did not respond to the motion and in this posture the issues raised are ripe for ruling.

## BACKGROUND

On May 12, 2003, petitioner pleaded guilty, pursuant to a written plea agreement, to conspiracy to distribute and possess with intent to distribute more than 50 grams of cocaine base, in violation of 21 U.S.C. § 846; and kidnapping in violation of 18 U.S.C. § 1201. The court sentenced petitioner to life imprisonment.

Petitioner filed his first § 2255 motion on January 29, 2007. The court granted respondent's motion to dismiss on April 2, 2007, concluding that petitioner's motion was untimely under the applicable statute of limitations. Petitioner appealed, and the United States Court of Appeals for the Fourth Circuit declined to issue a certificate of appealability and dismissed the appeal.

In the years since the 2007 order denying the first motion to vacate, petitioner has filed numerous motions seeking relief from the judgment pursuant to Federal Rules of Civil Procedure 59(e) and 60(b), or attempting to assert new § 2255 claims without prior authorization from the court of appeals. (See, e.g., DE 404, 419, 427, 458, 560, 585, 591, 631, 638, 682, 714).[1] With the exception of the instant motion that remains pending, petitioner has not obtained any relief from the court by the foregoing motions.

As relevant here, petitioner filed Rule 60(b) motions for relief from the 2007 judgment on August 22, 2016, and March 23, 2017, respectively (hereinafter, the "2016 motion" and the "2017 motion"). These motions challenged the court's 2007 determination that petitioner's first § 2255 motion was barred by the applicable statute of limitations, and the 2016 motion also raised a substantive § 2255 claim alleging petitioner was denied his right to direct appeal.

The court initially dismissed the 2016 and 2017 motions as improper attempts to file a second or successive § 2255 motion without prior authorization from the court of appeals. Petitioner appealed that order, and the Fourth Circuit reversed in part. The court of appeals held that the 2017 motion should have been construed as a proper Rule 60(b) motion, where it challenged only the 2007 determination that petitioner's § 2255 motion was untimely. The court of appeals further concluded that the 2016 motion was a "mixed" Rule 60(b)/successive § 2255 motion, and directed the court to allow petitioner the option of either deleting the successive § 2255 claim and proceeding solely with the valid Rule 60(b) claims, or treating the motion solely as a successive application.

---

[1] Petitioner also has appealed the majority of the orders denying foregoing motions. (See DE 412, 432, 566, 602, 641, 684).

On remand, petitioner consented to deleting the successive § 2255 claim from the 2016 motion. The court then directed respondent to respond to the 2016 and 2017 Rule 60(b) motions, and allowed petitioner to file reply. Respondent argued that petitioner cannot show extraordinary circumstances as required for relief under Rule 60(b) in part because he had not shown that the court's 2007 ruling misapplied the rules governing equitable tolling of the statute of limitations. On December 14, 2020, the court denied the 2016 and 2017 motions substantially for the reasons stated in respondent's brief ("December 2020 order").

Undeterred, petitioner moved for reconsideration of the December 2020 order, which the court denied. Petitioner also appealed the December 2020 order, but that appeal was dismissed for failure to prosecute. (DE 703).

Petitioner next filed a petition for writ of mandamus, seeking an order from the Fourth Circuit directing this court to adjudicate all claims in his 2016 and 2017 Rule 60(b) motions. In re Clarke, No. 22-1484 (4th Cir. May 2, 2022). The court of appeals declined to issue the writ and dismissed the petition. In re Clarke, No. 22-1484, 2022 WL 3039400, at *1 (4th Cir. Aug. 2, 2022).

Petitioner then returned to this court with the instant Rule 60(b) motion, raising a host of claims challenging the 2007 judgment on the initial § 2255 motion, and also seeking reconsideration of the December 2020 order denying the 2016 and 2017 Rule 60(b) motions. Petitioner's overarching claim is that the court erred by dismissing his first motion to vacate as untimely. As noted above, respondent did not respond to the motion.

## COURT'S DISCUSSION

A. Motion to Reconsider December 2020 order

To the extent petitioner is seeking reconsideration of the December 2020 order, he has forfeited such challenges by failing to prosecute his direct appeal of that order. (See DE 703 (dismissing appeal of the order for failure to prosecute). Petitioner cannot obtain relief under Rule 60(b) "if the reason asserted for the [Rule 60(b)] motion could have been addressed on appeal from the judgment." Aikens v. Ingram, 652 F.3d 496, 501 (4th Cir. 2011) (en banc); see also Dowell v. State Farm Fire & cas. Auto. Ins. Co., 993 F.2d 46, 48 (4th Cir. 1993). Accordingly, the court will not revisit the December 2020 order under Rule 60(b).

B. Rule 60(b) Motions challenging the 2007 judgment

Rule 60(b) allows the court to "relieve a party . . . from a final judgment, order or proceeding" on specified grounds. Fed. R. Civ. P. 60(b). "To prevail, a party must [make a threshold showing demonstrating]: (1) timeliness, (2) a meritorious defense, (3) a lack of unfair prejudice to the opposing party, and (4) exceptional circumstances." See Wells Fargo Bank, N.A. v. AMH Roman Two NC, LLC, 859 F.3d 295, 299 (4th Cir. 2017). If the moving party makes this threshold showing, the party must demonstrate the judgment should be vacated based on one of the following grounds:

(1) mistake, inadvertence, surprise, or excusable neglect;

(2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial;

(3) fraud[,] misrepresentation, or misconduct by an opposing party;

(4) the judgement is void;

4

5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or

   6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b). With respect to timeliness, all motions under Rule 60(b) "must be made within a reasonable time" and for motions under subsections (b)(1), (b)(2), and (b)(3), the time limit is "no more than a year after the entry of the judgment or order." Fed. R. Civ. P. 60(c)(1).

Petitioner argues the court erred by failing to equitably toll the statute of limitations because the law library at his state prison did not provide him with this court's address and he could not otherwise obtain it in time to make a timely filing. He further argues that the Antiterrorism and Effective Death Penalty Act's ("AEDPA") timeliness requirements for § 2255 motions are impossible to meet for defendants in his situation, resulting in an unconstitutional suspension of the writ of habeas corpus. And finally, petitioner argues the court should have afforded him additional procedural protections pursuant to Martinez v. Ryan, 566 U.S. 1 (2013) and Trevino v. Thaler, 569 U.S. 413 (2013) before dismissing his § 2255 motion.

Petitioner's instant Rule 60(b) motion fails on numerous grounds.² As a threshold issue, the arguments that petitioner asserts were available to him when he filed his response to respondent's 2007 motion to dismiss. (See DE 399). But petitioner did not raise his equitable tolling or other arguments in either his response or the initial § 2255 motion. (See DE 394, 399). Because these claims could have been raised in response to the motion to dismiss or on direct

---

²      The motion is patently untimely where it was filed more than 15 years after the judgment was entered. See Kemp v. United States, 142 S. Ct. 1856, 1861–62, 1865 (2022) (holding that Rule 60(b) motion challenging district court's erroneous ruling that a § 2255 petition was untimely must be brought as a Rule 60(b)(1) motion, which is subject to the one-year limitations period in subsection (c)(1)). However, because respondent failed to respond to the motion, the timeliness defense is forfeited. See United States v. Williams, 56 F.4th 366, 371 (4th Cir. 2023).

5

appeal, petitioner cannot obtain relief under Rule 60(b). See Aikens, 652 F.3d at 501; Dowell, 993 F.2d at 48.

In the alternative, petitioner has not established a meritorious defense to the 2007 judgment. See Wells Fargo Bank, 859 F.3d at 299. Section 2255 provides that motions to vacate are subject to a one-year statute of limitations, which runs from the latest of four alternative dates:

> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f). In its initial order denying petitioner's motion to vacate, the court determined that petitioner was required to file within one year of the date the judgment became final, and his 2007 motion was untimely because it was filed three years after that date. (DE 401 at 2–4). The court further concluded that petitioner had failed to demonstrate that any of the alternative limitations periods in § 2255(f) should apply, or that the limitations period should be equitably tolled. (Id. at 4). Here, petitioner primarily challenges the court's determination that he was not entitled to equitable tolling.

Petitioner faces a heavy burden to establish grounds for equitable tolling of AEDPA's statute of limitations. To prevail on an equitable tolling theory, a petitioner must demonstrate that: 1) he has been pursuing his rights diligently, and 2) some extraordinary circumstances stood in his way. Holland v. Florida, 560 U.S. 631, 649 (2010); United States v. Sosa, 364 F.3d 507,

6

512 (4th Cir. 2004) (framing the inquiry as a three-part test where an otherwise time-barred petitioner must show: 1) extraordinary circumstances; 2) beyond his control or external to his own conduct; 3) that prevented him from making a timely filing). Thus, "equitable tolling is available only in those rare instances where – due to circumstances external to the party's own conduct – it would be unconscionable to enforce the limitation period against the party and gross injustice would result." Spencer v. Sutton, 239 F.3d 626, 630 (4th Cir. 2001). "Even in the case of an unrepresented prisoner, ignorance of the law is not a basis for equitable tolling." Sosa, 364 F.3d at 512.

Petitioner argues that he was denied access to the courts and impeded from timely filing his § 2255 motion because the state correctional facility where he is incarcerated did not provide him with this court's address. Petitioner also notes that he wrote to the clerk of court of several federal courts to which he did have the address, as well as his federal defense attorney, but they did not respond to his requests for the address. This circumstance does not standing alone establish extraordinary circumstances prevented a timely filing. The court's address is publicly available, and petitioner does not explain why he could not obtain it from any number of available sources, including his family or friends, legal aid organizations, his state criminal defense attorney, or a correctional staff member. See Spencer, 239 F.3d at 630 (requiring circumstances external to the party's own conduct); see also Arthur v. Allen, 452 F.3d 1234, 1253 (11th Cir. 2006) (notwithstanding alleged deficiencies in the prison law library, petitioner must show that his independent efforts to ascertain the statute of limitations deadline were thwarted by government officials in order to establish grounds for equitable tolling). Notably, the record indicates that petitioner was in contact with both family members and his state attorney during the relevant time

7

period.  (See DE 394 at 39 (correspondence from state attorney dated August 6, 2006); DE 679 (petitioner stating that he contacted a family member in 2006 in order to obtain the address)).[3]

Petitioner argues that he could not make a direct telephone call to the court from his state correctional facility, and that he had to convince his family member to initiate an illegal three-way call to the clerk's office before he could obtain the address.  This procedure was unnecessary.  Instead, petitioner simply needed to contact a family member, legal aid organization, correctional staff member, his state attorney, or another third party to obtain the (widely available) address on his behalf.  Petitioner has never explained why he could not obtain the address in this manner, and such failure makes it impossible for him to show extraordinary circumstances external to his own conduct prevented a timely filing.  See Spencer, 239 F.3d at 630; Arthur, 452 F.3d at 1253.

As a result of the foregoing, petitioner's argument that he was denied access to the courts under the standard set forth in Lewis v. Casey 518 U.S. 343 (1996) and related case law is irrelevant.  Separate and apart from whether correctional officials denied petitioner his constitutional right to access the courts, he must show extraordinary circumstances prevented his timely filing.  See Holland, 560 U.S. at 649.  Petitioner has not made this showing for the reasons explained herein.

To the extent petitioner is arguing the court should have tolled the statute of limitations under 28 U.S.C. § 2255(f)(2), that claim also is without merit.  Subsection (f)(2) provides that a § 2255 petitioner can file within one year of "the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is

---

[3]  Unless otherwise specified, page numbers specified in citations to the record in this order refer to the page number of the document designated in the court's electronic case filing (ECF) system, and not to page numbering, if any, specified on the face of the underlying document.

removed, <u>if the movant was prevented from making a motion by such governmental action</u>." 28 U.S.C. § 2255(f)(2) (emphasis added). Here, as explained above, petitioner has not shown that he was prevented from filing the motion by governmental action because he has not explained why he could not have obtained the publicly available address from other outside sources. Accordingly, he is not entitled to the § 2255(f)(2) statute of limitations.

In sum, petitioner has not shown the court's April 2, 2007, order was erroneous, and he therefore has not established a meritorious defense to the judgment.

Turning to petitioner's remaining claims, he argues that because he allegedly could not file within the one-year limitations periods under § 2255(f)(1) due to his inability to obtain the court's address, application of AEDPA's limitations period works an unconstitutional suspension of the writ of habeas corpus. Article I, section 9 of the Constitution provides that the "privilege of the writ of habeas corpus shall not be suspended, unless when in cases of rebellion or invasion the public safety may require it." U.S. Const. art. I, § 9, cl. 2. AEDPA's statute of limitations does not violate this clause where it provides federal and state inmates with a reasonable opportunity to file habeas petitions. <u>See</u> <u>Felker v. Turpin</u>, 518 U.S. 651, 663–64 (1996) (concluding similar restrictions on second or successive habeas petitions "do not amount to a suspension of the writ contrary to Article I, § 9"); <u>Davis v. Bumgarner</u>, No. 99-6791, 1999 WL 1032617, at *1 (4th Cir. Nov. 15, 1999) (holding AEDPA's statute of limitations does not violate the suspension clause); <u>see also</u> <u>Hill v. Dailey</u>, 557 F.3d 437, 438 (6th Cir.2009); <u>Green v. White</u>, 223 F.3d 1001, 1003–04 (9th Cir. 2000); <u>Lucidore v. New York State Div. of Parole</u>, 209 F.3d 107, 113 (2d Cir. 2000). And to the extent petitioner is arguing that application of statute of limitations in his particular case violates the suspension clause, the fact that petitioner is procedurally barred from obtaining a

9

merits determination on his § 2255 motion does constitute an unconstitutional suspension of the writ. See Felker, 518 U.S. at 663–64; Davis, 1999 WL 1032617, at *1.

Petitioner next advances several arguments premised on Martinez v. Ryan, 566 U.S. 1 (2012) and Trevino v. Thaler, 569 U.S. 413 (2013). Petitioner primarily argues that these two cases afford him the right to a merits hearing on his ineffective assistance of counsel claims notwithstanding the fact that the claims are time barred. Martinez and Trevino, however, address whether state inmates can establish cause to excuse procedural default when a substantial claim of ineffective assistance of counsel was not raised during state post-conviction review. See 566 U.S. at 4–5, 17; 569 U.S. at 416–17. These cases arise in the unique procedural context of federal habeas review of state convictions, and they accordingly do not apply to motions to vacate filed by federal inmates under § 2255. See Martinez, 566 U.S. at 4–5; Trevino, 569 U.S. at 416–17; see also Buenrostro v. United States, 697 F.3d 1137, 1140 (9th Cir. 2012) ("Martinez is inapplicable to federal proceedings.").

Moreover, because petitioner is seeking Rule 60(b) relief from the 2007 judgment finding his § 2255 motion was barred by the statute of limitations, he must show a meritorious defense to that judgment in order to obtain relief. See Wells Fargo Bank, 859 F.3d at 299. And contrary to petitioner's arguments, neither Martinez nor Trevino establish a right to a merits hearing on a claim of ineffective assistance of counsel when the claim is time barred under § 2255(f), or otherwise address the grounds for equitable tolling of the statute of limitations. See 566 U.S. at 4–5, 17; 569 U.S. at 416–17. As a result, Martinez and Trevino simply do not provide any support for petitioner's Rule 60(b) motion.

Petitioner also argues that Martinez and Trevino provide a right to counsel in habeas corpus proceedings in state court that is unavailable in federal proceedings. Habeas petitioners have no

constitutional right to counsel in either state or federal post-conviction proceedings. See Pennsylvania v. Finley, 481 U.S. 551, 555 (1987). With certain exceptions inapplicable here, the court may appoint counsel only upon finding that the interests of justice so require. 18 U.S.C. § 3006A(a)(2)(B). Neither Martinez nor Trevino alter this rule. See Martinez, 566 U.S. at 16 (noting that the Court's ruling did not require appointment of post-conviction counsel in a state proceeding).[4]

The court next turns to petitioner's argument that he is entitled to one merits review of his habeas claims, and that dismissing his § 2255 motion on timeliness grounds violates various constitutional provisions and principles of fairness. Petitioner would have received a review on the merits if he timely filed the motion and otherwise complied with the procedural requirements for filing a § 2255 motion. The court's authority to dismiss an untimely § 2255 motion does not work a suspension of habeas corpus or otherwise violate petitioner's constitutional rights. Felker, 518 U.S. at 663–64; Mueller v. Angelone, 181 F.3d 557, 572–73 (4th Cir. 1999).

Finally, the court notes that the instant motion is petitioner's ninth post-judgment filing seeking relief from the 2007 judgment. Petitioner also has raised similar claims and arguments in many of these motions. (See DE 404, 419, 427, 458, 560, 585, 591, 631, 638, 682, 714). The court warns petitioner that he may face filing restrictions if he continues to file repetitive post-judgment motions raising these same issues. See Cromer v. Kraft Foods N. Am., Inc., 390 F.3d 812, 817 (4th Cir. 2004). In addition, any post-judgment motions raising the same or similar challenges to the 2007 judgment will be denied summarily with reference to this order.

---

[4] To the extent petitioner is requesting appointment of counsel, the court finds the interests of justice do not support appointing counsel in this case

## CONCLUSION

Based on the foregoing, petitioner's motion for relief from judgment pursuant to Rule 60(b) (DE 714) is DENIED.

SO ORDERED, this the 30th day of January, 2023.

LOUISE W. FLANAGAN
United States District Judge

12

Case 4:02-cr-00060-FL   Document 734   Filed 01/30/23   Page 12 of 12