IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION

NO. 4:02-CR-60-FL-5
NO. 4:23-CV-179-FL

| | | |
|---|---|---|
| NIGEL CLARKE, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

This matter is before the court on petitioner's motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 (DE 752) (the "§ 2255 motion"), respondent's motion to dismiss (DE 756), and petitioner's motions to amend (DE 764, 765, 766). Pursuant to 28 U.S.C. § 636(b)(1)(B), United States Magistrate Robert T. Numbers, II entered memorandum and recommendation ("M&R") (DE 761), wherein it is recommended that the court grant respondent's motion and dismiss petitioner's motion for lack of subject matter jurisdiction and for untimeliness. Thereafter, petitioner objected to M&R (DE 762-763) and filed the instant motions to amend. In this posture, the issues raised are ripe for ruling. For the following reasons, the court adopts the M&R, dismisses petitioner's motions for lack of subject matter jurisdiction and grants respondent's motion.

The district court reviews de novo those portions of the M&R to which specific objections are filed. 28 U.S.C. § 636(b). The court does not perform a de novo review where a party makes only "general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." Orpiano v. Johnson, 687 F.2d 44, 47 (4th

Cir. 1982).[1]  Absent a specific and timely filed objection, the court reviews only for "clear error," and need not give any explanation for adopting the M&R.  Diamond v. Colonial Life & Accident Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005); Camby v. Davis, 718 F.2d 198, 200 (4th Cir.1983).  Upon careful review of the record, "the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."  28 U.S.C. § 636(b)(1).

Pursuant to 28 U.S.C. § 2244(b)(3)(A), "[b]efore a second or successive [§ 2255] application . . . is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application."  This provision "creates a 'gatekeeping' mechanism for the consideration of second or successive applications in district court."  Felker v. Turpin, 518 U.S. 651, 657 (1996).  If a "motion circumvent[s] the restrictions on second or successive habeas petitions set forth in § 2244(b), and [the United States Court of Appeals for the Fourth Circuit's] exclusive jurisdiction to decide whether such a petition can be filed in the district court, [a] district court [is] required to either dismiss the motion or transfer it to [the Fourth Circuit] so that [it can] consider it under [the] gatekeeping function under 28 U.S.C. § 2244(b)(3)."  Richardson v. Thomas, 930 F.3d 587, 597–98 (4th Cir. 2019).  A motion dismissed pursuant to this rule "must be dismissed for lack of jurisdiction."  Rice v. Rivera, 617 F.3d 802, 807 (4th Cir. 2010).  Further, in such instance, a certificate of appealability "is not required."  Bixby v. Stirling, 90 F.4th 140, 157 (4th Cir. 2024).

Here, the M&R correctly determined that petitioner's motion must be dismissed for lack of subject matter jurisdiction as a successive § 2255 motion.  Petitioner previously filed a § 2255 motion that was dismissed as untimely by order entered April 2, 2007.  (DE 401).  Petitioner also filed a second § 2255 motion that was dismissed for lack of subject matter jurisdiction January 10,

---

[1] In citations in this order, all internal quotations and citations are omitted, unless otherwise specified.

2

2011. (DE 564). The instant § 2255 motion seeks to vacate petitioner's conviction and sentence due to alleged newly discovered evidence and actual innocence. (DE 752 at 12-18). Therefore, it is a second or successive motion under 28 U.S.C. § 2255 that this court lacks jurisdiction to consider. See Gonzalez v. Crosby, 545 U.S. 524, 532 (2005). In light of the lengthy procedural history of this case, the court dismisses the instant § 2255 motion rather than transferring it to the court of appeals. Petitioner may attempt to apply to the Fourth Circuit court of appeals "for an order authorizing the district court to consider the application" in accordance with the requirements of 28 U.S.C. § 2244(b)(2) and (3).

Furthermore, because the court lacks jurisdiction to consider the § 2255 motion, the court does not adjudicate the additional grounds for dismissal raised by the government and addressed by the M&R. Bixby, 90 F.4th at 157. Likewise, the court lacks subject matter jurisdiction to consider petitioner's motions to amend, because they raise substantive claims as asserted bases for vacating petitioner's conviction and sentence. (See, e.g., DE 764 at 4-9, DE 765 at 4-9, DE 766 at 8, 17-24). Therefore, these motions also must be dismissed. Finally, pursuant to Bixby, the court will not make a certificate of appealability determination. See 90 F.4th at 157.

## CONCLUSION

Based on the foregoing, the court ADOPTS the M&R (DE 761). Petitioner's § 2255 motion and motions to amend (DE 752, 764, 765, 766) are DISMISSED WITHOUT PREJUDICE for lack of subject matter jurisdiction. Respondent's motion to dismiss (DE 756) is GRANTED. This action is DISMISSED WITHOUT PREJUDICE for lack of subject matter jurisdiction. A certificate of appealability determination is not required. The clerk is DIRECTED is close this case.

SO ORDERED, this the 27th day of January, 2025.

                                                                  _____
                                                                  LOUISE W. FLANAGAN
                                                                  United States District Judge